[No. 17653.  *En Banc.*  May 13, 1924.]

SUNSET COPPER COMPANY *et al., Appellants,* v. J. E. ZICKRICK, *Respondent.*[1]

RELEASE (6)—OPERATION AND EFFECT—JOINT WRONGDOERS. Where an agent, employed to purchase property, made a secret agreement with the seller to represent the price to the principal as $100,000 when it was but $90,000, the excess of $10,000 to be paid to the agent, they were joint tort feasors in the wrong committed upon the principal, so that the release of the agent operated to release the seller.

STIPULATIONS (2) — CONSTRUCTION AND OPERATION — RELEASE OF JOINT WRONGDOERS. A stipulation agreeing to release a joint tort feasor on payment of a certain sum "as and for full settlement of the claims made by plaintiffs in the above entitled cause, and for a dismissal of the complaint" reciting that it is a settlement of each and every action or cause of action between the parties, constitutes a complete satisfaction of the entire claim, releasing other joint tort feasors.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 29, 1922, upon findings in favor of the defendant, in an action for damages for fraud and concealment, tried on the merits to the court. Affirmed.

*Kerr, McCord & Ivey* and *Wm. Z. Kerr,* for appellants.

*George A. Custer,* for respondent.

ON REHEARING.

PARKER, J.—The appeal in this case was heard in Department Two, resulting in affirmance of the judgment of dismissal rendered in favor of defendant Zickrick. The opinion of Department Two so disposing of the appeal is reported in 125 Wash. 565, 217 Pac. 5. Upon petition for rehearing filed by appellants, the appeal was again heard by the court *En Banc* and is

[1] Reported in 225 Pac. 625.

now before us for final disposition. It is unnecessary to here again relate the history of the claimed wrongful dealings and acts of defendant Zickrick and his codefendant Black in violation of the rights of the plaintiffs. That is sufficiently done in the decision of the Department.

It is strenuously contended that the alleged wrong committed by Zickrick and Black, which it is alleged resulted in loss to the plaintiffs, was not a joint wrong or tort of such nature that a satisfaction thereof by one joint wrongdoer releases the other joint wrongdoer. We cannot agree to this view. It seems to us that the record conclusively shows that the claimed wrong here in question could not have been in any event consummated, resulting in loss to appellants, except by the joint agreement and acts of both Zickrick and Black. The opinion of Department Two, we think, makes this sufficiently clear without further discussion. For present purposes we are assuming, rather than deciding, that there was consummated an actionable wrong for which the plaintiffs had right of recovery. The Department opinion may seem to go further than this, but we need not do so here. We are now holding only that if any such wrong was consummated, it was a joint wrong, such as upon satisfaction thereof by one wrongdoer would thereby be satisfied as to the other wrongdoer.

It is further strenuously contended that the stipulation for the dismissal of the action as to Black amounted in legal effect only to a covenant not to sue him, and therefore is not inconsistent in law with a withholding of a release of Zickrick, as is attempted to be done by the terms of the stipulation. By recitals in the stipulation, it appears that Black paid $5,000, $3,500 to the plaintiffs and $1,500 to certain interveners ''as and for a full settlement of the claims made

by the plaintiffs and the interveners in the above entitled cause, and for a dismissal of the said complaint of the plaintiffs and the complaint of the interveners, with prejudice and without costs;'' the stipulation further providing:

''It is further stipulated and agreed that the settlement of the controversy in this action between the plaintiffs and W. W. Black and Mollie Black, his wife, shall constitute a settlement of each and every action, cause of action, claim or controversy between the plaintiff and W. W. Black and Mollie Black, his wife, and between the intervenors, and W. W. Black and Mollie Black, his wife.''

This, it seems to us, is a full and complete satisfaction of the respondent's cause of action, which cause of action has its basis in a joint wrong or tort committed by Zickrick and Black, if any actionable wrong was consummated at all by them. The argument of counsel for appellants seems to us to be addressed largely to an effort to have us depart from the rule of our prior decisions touching the question of satisfaction of claims against joint tort feasors. While there are decisions of the courts expressing views different from our own upon this question, we feel fully justified, especially in the light of what we think is the weight of authority, in adhering to our formerly expressed views, which we regard as decisive in favor of respondent Zickrick.

The judgment of dismissal is affirmed.

All concur.